THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA, ESQ.
Nevada Bar No. 08599
311 East Liberty Street
Reno, Nevada 89501
Telephone:    775-323-1321
775-323-4082 (fax)
david@omaralaw.net

Dan Backer*
POLITICAL.LAW PLLC
441 N. Lee St., Suite 300
Alexandria, VA 22314
(202) 210-5431
dan@political.law
Pro Hac Vice motion forthcoming

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAKE LIBERTY WIN,                          )
                                           )      Case No.
                    Plaintiff,             )
                                           )
        vs.                                )
                                           )
BARBARA K. CEGAVSKE, in her official       )
capacity as SECRETARY OF STATE OF          )
NEVADA,                                    )
                                           )
                    Defendant(s).          )
                                           )

## VERIFIED COMPLAINT

This is a lawsuit about blatant government censorship of truthful political speech. Make Liberty Win ("Liberty"), a political action committee ("PAC"), has made independent expenditures to print and distribute door hangers supporting candidate Jill Dickman for the Nevada Assembly. Dickman had been elected to the Assembly in the November 2014 general election and served there for one term, from 2015 through 2016. Highlighting her legislative experience,

- 1 -

Liberty's doorhangers declare she was a "Former Assemblywoman," list her major policy positions, and exhort voters to "Re-elect Jill Dickman for State Assembly."

In response to Liberty's truthful and independent advocacy in support of this candidate, Secretary of State Barbara K. Cegavske demanded Liberty immediately change its campaign message. On October 1, 2020, Cegavske e-mailed a letter to Liberty explaining she had made a "determination" that Liberty's doorhangers violated Nev. Rev. Stat. § 294A.330 and, apparently, § 294A.340. These statutes purport to restrict when political speakers may use the term "re-elect" in their campaign literature. Cegavske threatened that, unless Liberty changed "all [its] campaign signage," a fine will "be[] assessed."

Both Cegavske's letter, as well as the statutes she is misguidedly enforcing, are unconstitutional. First, on their face, they are content-based restrictions on political speech that cannot survive strict scrutiny. Likewise, the statutes involve blatantly viewpoint-based discrimination, since restrictions on the term "re-elect" apply only to literature "*supporting* the election of a candidate." Nev. Rev. Stat. §§ 294A.330, 294A.340 (emphasis added). Liberty faces sanction for urging voters to "re-elect" Dickman, yet would have been free to urge voters *not* to "re-elect" her. Moreover, as applied in this case, the provisions prohibit completely truthful political speech. Liberty was urging voters to *elect Dickman again* to her former seat in the state assembly—in other words, to quite literally "re-elect" her. Liberty asks this Court to bar Secretary Cegavske from purporting to police the truthfulness of political speech and attempting to chill truthful speech.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it presents federal questions arising under the U.S. Constitution.

2.     The District of Nevada is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant Barbara K. Cegavske resides and works in this district, and a substantial part of the events giving rise to this claim occurred here.

### PARTIES

3.     Plaintiff MAKE LIBERTY WIN ("Liberty") is an unauthorized, non-connected political committee registered in the State of Nevada on or around September 1, 2020. Its primary place of business is in Alexandria, Virginia. Justin Greiss is Liberty's Executive Director.

4.     Defendant BARBARA K. CEGAVSKE is the Secretary of State of the State of Nevada. Among other things, she is the state's Chief Election Officer, Nev. Rev. Stat. § 293.124(1), and is charged with enforcing Nevada's restrictions on campaign-related speech, *id*. §§ 294A.380(1), 294A.410, 294A.420(2).

### LIBERTY'S CONSTITUTIONALLY PROTECTED POLITICAL SPEECH

5.     Liberty supports candidate Jill Dickman, the Republican nominee for the Nevada State Assembly in District 31 in the November 2020 general election.

6.     Dickman was elected to the Nevada State Assembly in the November 2014 general election and served there from 2015 through 2016.

7.     Liberty has no direct affiliation with Dickman. It is not a campaign or authorized committee of Dickman, has not made any contributions to Dickman, and has not coordinated any of its communications with Dickman.

8.     Liberty decided to make independent expenditures to purchase literature in support of Dickman's campaign. In particular, it designed door hangers containing its political message and hired an independent contractor to print and distribute them to the homes of voters throughout Nevada State Assembly District 31. Distribution began on September 20 and will be continuing through November 3. As of October 12, 25,485 doors had been knocked on Liberty's behalf.

9.     A true and complete copy of the front and back of the door hangers Cegavske contends violate Nevada law are attached to this Complaint as Exhibit 1.

10.     One of the main reasons Liberty supports Dickman is because of her legislative experience. A core element of Liberty's political message was that voters should re-elect Dickman to the Nevada legislature to continue the important work she had begun there.

11.     Liberty conveyed its political message by prominently declaring on the front of its doorhanger that Dickman is a "Former Assemblywoman." The doorhanger further lauds Dickman as "The Proven Leader for Washoe County." It exhorts voters to "RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY." *See* Exh. 1 at 1.

12.     The reverse side of the door hanger repeats this message. It explains Dickman is "[a] small business owner with a passion for our community." *Id*. at 2. The doorhanger further notes Dickman is a "proven leader for Washoe County **running to serve** as our Assemblywoman," *id*.—not **currently serving** as an Assemblywoman. It also exhorts voters to "RE-ELECT JILL DICKMAN FOR STATE ASSEMBLYWOMAN." *Id*.

13.     The doorhanger neither states nor implies Dickman is the current incumbent assembly member.

14.     Drawing attention to Dickman's legislative experience, and exhorting voters to return her to the state assembly, are central elements of the political message Liberty wishes to convey to voters.

15.     Liberty purchased a total of 28,000 identical door hangers at a cost of over $3,000.00. It already distributed a total of approximately 20,000 of them.

16.     Over the upcoming weeks, Liberty will be distributing its remaining door hangers throughout District 31. Liberty will purchase additional door hangers if necessary based on political conditions and developments.

- 4 -

17.     Liberty will also be spending approximately $1,600 to fund a phone bank starting approximately October 19, in which seven contractors will make approximately 7,000 phone calls. The script for the voter outreach calls will specify Dickman is a former assemblywoman and encourage voters to "reelect" her to the Nevada state assembly. This pure political expression will involve "statement[s]" in violation of the Reelect Prohibition and Incumbency Prohibition.

### SECRETARY CEGAVSKE'S ATTEMPT TO SILENCE LIBERTY'S POLITICAL SPEECH

18.     On October 1, 2020, Secretary Cegavske sent a letter via e-mail to Shana Weir, Liberty's registered agent, about Liberty's door hangers. A true and complete copy of the letter is attached to the Complaint as Exhibit 2 (hereafter, "Threatening Letter").

19.     The subject line of the Threatening Letter stated it was in reference to "Use of the Term 're-elect' in campaign, NRS 294A.330, NRS 294.340."

20.     The Threatening Letter stated the Secretary's office had received an Election Integrity Violation Report on September 24, 2020, claiming the "signage for Nevada State Assembly District 31 candidate Jill Dickman incorrectly uses the term 're-elect' on her campaign signs sponsored by your PAC." Exh. 2 at 1.

21.     The Threatening Letter alleged Dickman "does not meet the qualifying standard that authorizes the terms [sic] usage." Exh. 2 at 1.

22.     State law required Secretary Cegavske to give Liberty a copy of the administrative complaint, but she failed to do so. *See* Nev. Rev. Stat. § 294A.410(3) ("As soon as practicable after receiving a notice of an alleged violation . . . the Secretary of State shall provide a copy of the notice and any accompanying information to the person, if any, alleged in the notice to have committed the violation.").

23.     The Threatening Letter reprinted the text of Nev. Rev. Stat. § 294A.330, which provides:

294A.330. Use of term "reelect" in campaign.

A person shall not use the term "reelect" in any material, statement or publication supporting the election of a candidate unless the candidate:

1.     Was elected to the identical office with the same district number, if any, in the most recent election to fill that office; and

2.     Is serving and has served continuously in that office from the beginning of the term to which the candidate was elected.

Nev. Rev. Stat. § 294A.330 (hereafter, "Reelect Prohibition").

24.     The Threatening Letter's subject line also cited Nev. Rev. Stat. § 294A.340, which provides:

A person shall not use the name of a candidate in a way that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate unless:

1.     The candidate is qualified to use the term "reelect" pursuant to NRS 294A.330; or

2.     The candidate:

(a)     Was appointed to the identical office with the same district number, if any, after the most recent election to fill that office; and

(b)     Is serving and has served continuously in that office since the date of appointment.

Nev. Rev. Stat. § 294.340 (hereafter, "Incumbency Prohibition").

25.     The Threatening Letter then threatened, "Ms. Jill Dickman et al. must remove the term 're-elect' from all campaign signage, ***effective immediately***. Failure to correct this issue ***will result in a fine being assessed***." Exh. 2. at 2 (emphasis added).

26.     The letter concluded by emphasizing Secretary Cegasvske had already made "***a determination*** in this matter." *Id*. (emphasis added).

27.     State law required Secretary Cegavske to provide Liberty with an opportunity to respond to the administrative complaint filed against it. Nev. Rev. Stat. § 294A.410(3) (allowing the target of an administrative complaint to submit a "response" containing "a short statement of

the grounds, if any, for objecting to the alleged violation and include any evidence substantiating the objection"). Secretary Cegavske chose to completely ignore this requirement, and instead made "a determination in this matter" without affording Liberty prior notice and an opportunity to be heard.

28.     Liberty is now confronted with the choice between being chilled in its political expression in the days before an election, and continuing to exercise its fundamental First Amendment rights despite the ongoing express threat of unspecified amounts of monetary fines.

29.     Despite the substantial chilling effect created by the Threatening Letter as well as the existence of the Reelect Prohibition and Incumbency Prohibition, Liberty will continue distributing its doorhangers with its political message unchanged.

30.     The Reelect Prohibition, Incumbency Prohibition, and Threatening Letter substantially burden Liberty's exercise of its First Amendment right to freedom of expression.

31.     Although this lawsuit most immediately involves Liberty's past, ongoing, and future exhortations to re-elect Dickman in the 2020 general election, Liberty is reasonably likely to wish to similarly persuade voters to "re-elect" Dickman in future elections (should she lose either this election or some future election), as well as other candidates who previously held a particular office for which they are running, but are not currently incumbents. Thus, this matter is capable of repetition, yet evading review.

**INJUNCTIVE RELIEF IS NECESSARY**

32.     The Reelect Prohibition, Incumbency Prohibition, and Threatening Letter inflict irreparable harm by Plaintiffs by attempting to chill and substantially burdening the exercise of their fundamental right to engage in political expression.

33.      Liberty lacks an adequate remedy at law for this burden on its First Amendment right to engage in free political expression.

34.     The harm Liberty would suffer from denial of an injunction exceeds any legally cognizable harm an injunction would inflict upon Secretary Cegavske.

35.     The public interest favors enjoining unconstitutional statutes such as the Reelect Prohibition and Incumbency Prohibition.

**<u>CAUSES OF ACTION</u>**

**COUNT ONE**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT FACIAL CHALLENGE TO**
**THE REELECT PROHIBITION, NEV. REV. STAT. § 294A.330**
**<u>(CONTENT-BASED DISCRIMINATION)</u>**

36.     Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

37.     Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

38.     Secretary Cegavske is responsible for enforcing the Reelect Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

39.     Secretary Cegavske issued the Threatening Letter under color of Nevada law.

40.     Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

41.     The Reelect Prohibition makes it illegal for any person to use the term "reelect" in "any material, statement or publication supporting the election of a candidate unless the candidate" meets a series of requirements. Nev. Rev. Stat. § 294A.330. In particular:

   a.     the candidate must have been elected, rather than appointed;

   b.     the candidate's election must have been "to the identical office";

   c.     if the office has a "district number," the candidate must have been elected to a position within the same district number;

d.      the candidate must have elected in "the most recent election to fill that office," presumably including any special elections;

e.      the candidate must currently be serving in that office; ***and***

f.      the candidate must have "served continuously in that office from the beginning of the term to which the candidate was elected."

*Id*. § 294A.330(1)-(2).

42.     Secretary Cegavske's Threatening Letter and enforcement of the Reelect Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

43.     The Reelect Prohibition is a content-based restriction on political speech subject to strict scrutiny.

44.     The Reelect Prohibition is not narrowly tailored to achieving compelling governmental interests.

45.     The State of Nevada does not have a compelling interest in singling out a particular category of political speech and policing it for accuracy.

46.      Numerous websites, including several associated with the State of Nevada and its political subdivisions, list incumbent members of the state legislature and other public offices.

47.      If political opponents or members of the media believe a candidate is being falsely represented as an incumbent, the most constitutionally appropriate response is counterspeech rather than censorship.

48.     If the state wishes to eliminate uncertainty as to a candidate's incumbency status, it could follow the approach of several other states by identifying incumbents as such on the ballot.

49.      The Reelect Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Reelect Prohibition, 294A.330, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments.

**COUNT TWO**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT FACIAL CHALLENGE TO**
**THE INCUMBENCY PROHIBITION, NEV. REV. STAT. § 294A.340**
**(CONTENT-BASED DISCRIMINATION)**

50.     Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

51.     Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

52.      Secretary Cegavske is responsible for enforcing the Incumbency Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

53.     Secretary Cegavske issued the Threatening Letter under color of Nevada law.

54.     Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

55.     The Incumbency Provision makes it illegal for any person to "use the name of a candidate" in any way "that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate," unless the candidate meets a series of requirements. Nev. Rev. Stat. § 294A.340. In particular, this prohibition does not apply if either the candidate "is qualified to use the term 'reelect' pursuant to [the Reelect Prohibition], or:

         a.      the candidate was appointed to public office;

         b.      the candidate's appointment must have been "to the identical office";

         c.      if the office has a "district number," the candidate must have been appointed to a position within the same district number;

       d.      the appointment must have occurred after "the most recent election to fill that office," presumably including any special elections;

       e.      the candidate must currently be serving in that office; ***and***

       f.      the candidate must have "served continuously in that office since the date of appointment."

*Id*. § 294A.340(1), (2)(a)-(b).

56.    Secretary Cegavske's Threatening Letter and enforcement of the Incumbency Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

57.    The Incumbency Prohibition is a content-based restrictions on political speech subject to strict scrutiny.

58.    The Incumbency Prohibition is not narrowly tailored to achieving compelling governmental interests.

59.    The State of Nevada does not have a compelling interest in singling out a particular category of political speech and policing it for accuracy.

60.    Numerous websites, including several associated with the State of Nevada and its political subdivisions, list incumbent members of the state legislature and other public offices.

61.    If political opponents or members of the media believe a candidate is being falsely represented as an incumbent, the most constitutionally appropriate response is counterspeech rather than censorship.

62.    If the state wishes to eliminate uncertainty as to a candidate's incumbency status, it could follow the approach of several other states by identifying incumbents as such on the ballot.

63.    The Incumbency Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Incumbency Prohibition, 294A.340, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments.

**COUNT THREE**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT FACIAL CHALLENGE TO**
**THE REELECT PROHIBITION, NEV. REV. STAT. § 294A.330**
**(VIEWPOINT-BASED DISCRIMINATION)**

64.     Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

65.     Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

66.     Secretary Cegavske is responsible for enforcing the Reelect Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

67.     Secretary Cegavske issued the Threatening Letter under color of Nevada law.

68.     Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

69.     The Reelect Prohibition makes it illegal for any person to use the term "reelect" in "any material, statement or publication ***supporting the election of a candidate*** unless the candidate" meets a series of requirements. Nev. Rev. Stat. § 294A.330 (emphasis added).

70.     The Reelect Prohibition adopts viewpoint discrimination because it does not purport to prohibit or regulate use of the term "reelect" in any material, statement or publication ***opposing*** the election of a candidate.

71.     Had Liberty's doorhanger stated, "DO NOT RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY," it would not have violated the Reelect Prohibition.

72.    The Reelect Prohibition is a one-sided law that targets political speech based specifically on the viewpoint being expressed: only advertisements supporting a candidate are censored. Candidates and political committees opposing Dickman may expressly advocate against her reelection with impunity.

73.    Secretary Cegavske's Threatening Letter and enforcement of the Reelect Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

74.    The Reelect Prohibition is a viewpoint-based restriction on political speech subject to strict scrutiny.

75.    The Reelect Prohibition is not narrowly tailored to achieving compelling governmental interests.

76.    The State of Nevada does not have a compelling interest in singling out speech supporting candidates and policing it for accuracy.

77.    The Reelect Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Reelect Prohibition, 294A.330, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments.

**COUNT FOUR**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT FACIAL CHALLENGE TO**
**THE INCUMBENCY PROHIBITION, NEV. REV. STAT. § 294A.340**
**(VIEWPOINT-BASED DISCRIMINATION)**

78.    Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

79.    Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

- 13 -

80.     Secretary Cegavske is responsible for enforcing the Incumbency Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

81.     Secretary Cegavske issued the Threatening Letter under color of Nevada law.

82.     Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

83.     The Incumbency Prohibition makes it illegal for any person to "use the name of a candidate in a way that implies that the candidate is the incumbent in office in any material, statement or publication ***supporting the election of a candidate***," unless the candidate meets certain requirements. Nev. Rev. Stat. § 294A.340 (emphasis added).

84.     The Incumbency Prohibition adopts viewpoint discrimination because it does not purport to prohibit or regulate use of the term "reelect" in any material, statement or publication ***opposing*** the election of a candidate.

85.     Had Liberty's doorhanger stated, "DO NOT RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY," it would not have violated the Incumbency Provision.

86.     The Incumbency Prohibition is a one-sided law that targets political speech based specifically on the viewpoint being expressed: only advertisements supporting a candidate are censored. Candidates and political committees opposing Dickman may expressly advocate against her reelection with impunity.

87.     Secretary Cegavske's Threatening Letter and enforcement of the Incumbency Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

88.     The Incumbency Prohibition is a viewpoint-based restriction on political speech subject to strict scrutiny.

89.     The Incumbency Prohibition is not narrowly tailored to achieving compelling governmental interests.

90.     The State of Nevada does not have a compelling interest in singling out speech supporting candidates and policing it for accuracy.

91.     The Incumbency Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Incumbency Prohibition, 294A.340, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments.

**COUNT FIVE**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT AS-APPLIED CHALLENGE TO**
**THE REELECT PROHIBITION, NEV. REV. STAT. § 294A.330**
**(SUPPRESSION OF TRUTHFUL POLITICAL SPEECH)**

92.     Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

93.     Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

94.     Secretary Cegavske is responsible for enforcing the Reelect Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

95.     Secretary Cegavske issued the Threatening Letter under color of Nevada law.

96.     Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

97.     The Reelect Prohibition makes it illegal for any person to use the term "reelect" in "any material, statement or publication supporting the election of a candidate unless the candidate" meets a series of requirements. Nev. Rev. Stat. § 294A.330. In particular:

a. the candidate must have been elected, rather than appointed;

b. the candidate's election must have been "to the identical office";

c. if the office has a "district number," the candidate must have been elected to a position within the same district number;

d. the candidate must have elected in "the most recent election to fill that office," presumably including any special elections;

e. the candidate must currently be serving in that office; ***and***

f. the candidate must have "served continuously in that office from the beginning of the term to which the candidate was elected."

*Id*. § 294A.330(1)-(2).

98. Secretary Cegavske's Threatening Letter and enforcement of the Reelect Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

99. The Reelect Prohibition is unconstitutional as applied to speech concerning any candidate who has ever previously been elected to the office at issue.

100. As applied to Liberty's communications about Jill Dickman, the Reelect Prohibition is a content-based prohibition on truthful and accurate political speech.

101. Dickman was elected to the Nevada Assembly in 2014 and served there from 2015 through 2016.

102. The core of Liberty's political message is to persuade voters to literally elect Dickman to the Assembly again—to re-elect her to the office she had previously held.

103. The doorhangers do not reasonably give rise to the erroneous perception Dickman is the incumbent or otherwise currently serving in the Nevada legislature. To the contrary, the doorhanger expressly declares she is a "Former Assemblywoman," and she is "running to serve as

our Assemblywoman." No reasonable person reading the flyer—or even glancing quickly at the front—could come away with the false belief she is the incumbent.

104.    As applied in this case, the Reelect Prohibition is not narrowly tailored to achieving compelling governmental interests. Rather than promoting accurate political communications, the Reelect Prohibition is suppressing accurate political expression and legitimate political advocacy.

105.    The Reelect Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Reelect Prohibition, 294A.330, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments as applied to communications about candidates who previously have been elected to the office at issue.

**COUNT SIX**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT AS-APPLIED CHALLENGE TO**
**THE INCUMBENCY PROHIBITION, NEV. REV. STAT. § 294A.340**
**(SUPPRESSION OF TRUTHFUL POLITICAL SPEECH)**

106.    Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

107.    Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

108.    Secretary Cegavske is responsible for enforcing the Reelect Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

109.    Secretary Cegavske issued the Threatening Letter under color of Nevada law.

110.    Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

111.    The Incumbency Provision makes it illegal for any person to "use the name of a candidate" in any way "that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate," unless the candidate meets a series of requirements. Nev. Rev. Stat. § 294A.340. In particular, this prohibition does not apply if either the candidate "is qualified to use the term 'reelect' pursuant to [the Reelect Prohibition], or:

    a.      the candidate was appointed to public office;

    b.      the candidate's appointment must have been "to the identical office";

    c.      if the office has a "district number," the candidate must have been appointed to a position within the same district number;

    d.      the appointment must have occurred after "the most recent election to fill that office," presumably including any special elections;

    e.      the candidate must currently be serving in that office; ***and***

    f.      the candidate must have "served continuously in that office since the date of appointment."

*Id*. § 294A.340(1), (2)(a)-(b).

112.    Secretary Cegavske's Threatening Letter and enforcement of the Incumbency Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment.

113.    The Incumbency Prohibition is unconstitutional as applied to speech concerning any candidate who has ever previously been elected to the office at issue.

114.    As applied to Liberty's communications about Jill Dickman, the Incumbency Prohibition is a content-based prohibition on truthful and accurate political speech.

115.    Dickman was elected to the Nevada Assembly in 2014 and served there from 2015 through 2016.

116.    The core of Liberty's political message is to persuade voters to literally elect Dickman to the Assembly again—to re-elect her to the office she had previously held.

117.    The doorhangers do not reasonably give rise to the erroneous perception Dickman is the incumbent or otherwise currently serving in the Nevada legislature. To the contrary, the doorhanger expressly declares she is a "Former Assemblywoman," and she is "running to serve as our Assemblywoman." No reasonable person reading the flyer—or even glancing quickly at the front—could come away with the false belief she is the incumbent.

118.    As applied in this case, the Incumbency Prohibition is not narrowly tailored to achieving compelling governmental interests. Rather than promoting accurate political communications, the Reelect Prohibition is suppressing accurate political expression and legitimate political advocacy.

119.    The Incumbency Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Incumbency Prohibition, 294A.340, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments as applied to communications about candidates who previously have been elected to the office at issue.

**COUNT SEVEN**
**42 U.S.C. § 1983:**
**FIRST AMENDMENT OVERBREADTH CHALLENGE TO**
**THE REELECT PROHIBITION, NEV. REV. STAT. § 294A.330**

120.    Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

121.    Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

- 19 -

122.    Secretary Cegavske is responsible for enforcing the Reelect Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

123.    Secretary Cegavske issued the Threatening Letter under color of Nevada law.

124.    Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

125.    The Reelect Prohibition makes it illegal for any person to use the term "reelect" in "any material, statement or publication supporting the election of a candidate unless the candidate" meets a series of requirements. Nev. Rev. Stat. § 294A.330.

126.    The Reelect Prohibition does ***not*** prohibit only potentially misleading statements about a non-incumbent candidate. Rather, if any "material" or "publication" "support[s] the election" of a candidate who does not satisfy the Reelect Prohibition's requirements, that material or publication may not "use the term 'reelect'" at all, in any capacity, anywhere.

127.    The Reelect Prohibition would prohibit a flyer or doorhanger that "support[s] the election of a candidate" who does not satisfy the Reelect Prohibition's requirements from saying things like:

        a.      "Vote for Jill Dickman! Don't continue to reelect people who will raise taxes!"

        b.      "Some politicians only care if you reelect them. Not Jill Dickman – she'll do what's right! Vote Dickman!"

        c.      "Whenever you elect or reelect a candidate, it's important to consider their values. Vote Dickman!"

        d.      "Dickman has promised to lower taxes—a commitment to which you can hold her when it comes time to reelect her two years from now!"

        e.      "Vote for Jill Dickman now and continue to reelect her for years to come!"

f.      "You elected Jill Dickman once back in 2016. She's no longer in office. It's time to reelect her."

g.      "You can elect Dickman or reelect someone who will raise taxes. The choice is clear; vote Dickman!"

128.    The Reelect Prohibition is an overbroad prohibition that unnecessary sweeps in broad swaths of unobjectionable, non-misleading political advocacy.

129.    The Reelect Prohibition violates the First Amendment and is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Reelect Prohibition, 294A.330, and a declaratory judgment recognizing this provision violates the First and Fourteenth Amendments on overbreadth ground.

## COUNT EIGHT
### 42 U.S.C. § 1983:
### FIRST AMENDMENT VAGUENESS CHALLENGE TO
### THE INCUMBENCY PROHIBITION, NEV. REV. STAT. § 294A.340

130.    Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

131.    Defendant Secretary Cegavske violated 42 U.S.C. § 1983 and is poised to continue violating Liberty's rights under § 1983.

132.    Secretary Cegavske is responsible for enforcing the Incumbency Prohibition. *See* Nev. Rev. Stat. §§ 293.124(1), 294A.380(1), 294A.410, 294A.420(2). In doing so, she acts under color of Nevada law.

133.    Secretary Cegavske issued the Threatening Letter under color of Nevada law.

134.    Liberty is a person within the jurisdiction of the United States for purposes of § 1983.

135.    The Incumbency Prohibition makes it illegal for any person to "use the name of a candidate" in any way "that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate," unless the candidate meets a series of requirements. Nev. Rev. Stat. § 294A.340.

136.    The Incumbency Prohibition creates a substantial chilling effect because, as the statute is interpreted and applied by Secretary Cegavske, a person of ordinary intelligence is unable to determine whether a political communication "implies that the candidate is the incumbent."

137.    For example, the doorhanger at issue in this case specified Jill Dickman is a "former assemblywoman" and she is "running to serve as our assemblywoman." It urged leaders to "reelect" her to the Nevada state assembly. Secretary Cegavske somehow interpreted this to imply Dickman was an incumbent, citing the Incumbency Prohibition in the Threatening Letter.

138.    If a political communication can "impl[y] that [a] candidate is the incumbent" despite prominent, expressly, and unambiguously labeling the candidate a "former assemblywoman," then it is impossible for a layperson to determine what words will be deemed to violate the Incumbent Provision and trigger Secretary Cegavske's wrath.

139.    The Incumbency Prohibition is unconstitutionally vague, subjective, and fails to provide adequate notice of the proscribed political speech.

140.    Secretary Cegavske's Threatening Letter and enforcement of the Incumbency Prohibition violate Liberty's rights under the First Amendment to the U.S. Constitution, as incorporated through the Fourteenth Amendment. The Incumbency Prohibition is invalid under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Make Liberty Win is entitled to a preliminary injunction and permanent injunction from this Court enjoining enforcement of the Incumbency Prohibition, 294A.340, and a declaratory judgment recognizing this provision is unconstitutionally vague in violation of the First and Fourteenth Amendments.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.　　A declaratory judgment pursuant to 28 U.S.C. § 2201 that:

a.　　the Reelect Prohibition, Nev. Rev. Stat. § 294A.330, is facially unconstitutional under the First and Fourteenth Amendments;

b.　　the Reelect Prohibition, Nev. Rev. Stat. § 294A.330, is unconstitutional under the First and Fourteenth Amendments as applied to speech about candidates who have ever previously been elected to the office at issue;

c.　　the Reelect Prohibition, Nev. Rev. Stat. § 294A.330, is unconstitutionally overbroad in violation of the First and Fourteenth Amendments;

d.　　the Incumbency Prohibition, Nev. Rev. Stat. § 294A.340, is facially unconstitutional under the First and Fourteenth Amendments;

e.　　the Incumbency Prohibition, Nev. Rev. Stat. § 294A.340, is unconstitutional under the First and Fourteenth Amendments as applied to speech about candidates who have ever previously been elected to the office at issue; and

f.　　The Incumbency Prohibition, Nev. Rev. Stat. § 294A.340, is unconstitutionally vague in violation of the First and Fourteenth Amendments.

2.　　A preliminary injunction and permanent injunction:

a.　　prohibiting Defendants from enforcing the Reelect Prohibition, Nev. Rev. Stat. § 294A.330, and the Incumbency Prohibition, Nev. Rev. Stat. § 294A.340, against anyone or, in the alternative,

b.　　prohibiting Defendants from enforcing the Reelect Prohibition, Nev. Rev. Stat. § 294A.330, and the Incumbency Prohibition, Nev. Rev. Stat. § 294A.340, against Plaintiff or any other similarly situated groups or entities;

3.      Costs and attorneys' fees pursuant to any applicable statute or authority, including but not limited to 42 U.S.C. § 1988; and

4.      Such other relief as this Court deems just and appropriate.

DATED:  October 19, 2020                    THE O'MARA LAW FIRM, P.C.


                                            _____
                                                  /s/ David C. O'Mara
                                            DAVID C. O'MARA, ESQ.

                                            311 E. Liberty Street
                                            Reno, NV 89501
                                            Tel: 775.323.1321

                                            Dan Backer*
                                            POLITICAL.LAW PLLC
                                            441 N. Lee St., Suite 300
                                            Alexandria, VA 22314
                                            (202) 210-5431
                                            dan@political.law
                                            *Pro Hac Vice motion forthcoming*

                                            Shana Weir, Esq.
                                            WEIR LAW GROUP
                                            6220 Stevenson Way
                                            Las Vegas, NV  89120
                                            (702) 509-4567

                                            *Counsel for Plaintiff*
                                            *Make Liberty Win*

## **VERIFICATION**

I, JUSTIN GREISS, under penalty of perjury, state as follows:

Plaintiff MAKE LIBERTY WIN ("Liberty") is an unauthorized, non-connected political committee registered in the State of Nevada on or around September 1, 2020. Its primary place of business is in Alexandria, Virginia.

That I am the Executive Director of Liberty which is the Plaintiff in the foregoing action; that I have read the above and foregoing Complaint, and know the contents thereof; that the same is true to the best of my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe the same to be true.

I do hereby affirm the aforesaid under penalty of perjury of the laws of the State of Nevada.

DATED:  October 19, 2020

_____
JUSTIN GREISS

- 1 -