AARON D. FORD
Attorney General
GREGORY L. ZUNINO, Bar No. 4805
Deputy Solicitor General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1100
E-mail: gzunino@ag.nv.gov

*Attorneys for Barbara Cegavske*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MAKE LIBERTY WIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BARBARA K. CEGAVSKE, in her official capacity as SECRETARY OF STATE OF NEVADA,<br><br>　　　　Defendant. | Case No.  3:20-cv-00592-RCJ-WGC<br><br>**NEVADA SECRETARY OF STATE'S PARTIAL OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Barbara K. Cegavske, in her capacity as Nevada Secretary of State (Secretary), by and through counsel, Aaron D. Ford, Attorney General, and Gregory L. Zunino, Deputy Solicitor General, hereby submits this partial opposition to Plaintiff's motion for preliminary injunction (ECF No. 2).

DATED this 26th day of October, 2020.

　　　　　　　　　　　　　　　　　AARON D. FORD
　　　　　　　　　　　　　　　　　Attorney General

　　　　　　　　　　　　　　　　　By:　*Gregory L. Zunino*
　　　　　　　　　　　　　　　　　　　GREGORY L. ZUNINO
　　　　　　　　　　　　　　　　　　　Deputy Solicitor General
　　　　　　　　　　　　　　　　　　　gzunino@ag.nv.gov

　　　　　　　　　　　　　　　　　*Attorneys for Barbara Cegavske*

## POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS AND ISSUES

This case is characterized by a unique set of facts. Plaintiff Make Liberty Win (MLW) is a political committee that makes independent expenditures in support of candidates for election and reelection to public office (ECF No. 1 at ¶¶ 3, 5, 6, 7 and 8). MLW supports Candidate Jill Dickman in her bid to be elected for a second time to the Nevada Assembly (*Id.*). Candidate Dickman previously served in the Nevada Assembly but is not currently serving in the Nevada Assembly (ECF No. 1 at ¶¶ 6 and 12). MLW has printed door hangers that encourage voters to "RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY" (ECF No. 1 at ¶ 11).

In 1989, the Nevada Legislature enacted a statute that instructs candidates and their advocates to refrain from using the word "reelect" in campaign and advertising materials that support a person's candidacy for public office. Nev. Rev. Stat. § 294A.330. It also enacted a statute that instructs candidates and their advocates not to use words other than "reelect" if those words "impl[y] that the candidate is the incumbent in office". Nev. Rev. Stat. § 294A.340. MLW pursues various facial and as-applied challenges to Nev. Rev. Stat. § 294A.330 (ECF No. 1 at ¶¶ 36–49, 64–77, 92–105 and 120–29). MLW also pursues various facial challenges to Nev. Rev. Stat. § 294A.340 (ECF No. 1 at ¶¶ 50–63, 78–91, 106–119 and 130–140).

Curiously, MLW does not allege that its members have used or intend to use a word other than "reelect" to describe any candidate's elective status. How MLW might possibly run afoul of Nev. Rev. Stat. § 294A.340 in the future remains a mystery. In support of its challenge to Nev. Rev. Stat. § 294A.340, MLW suggests only that it might use the word "reelect" in the future (ECF No. 1 at ¶ 31). By its plain terms, Nev. Rev. Stat. § 294A.340 does not apply to candidates and their advocates when they use the term "reelect" in campaign and advertising materials. MLW does not explain how it has been aggrieved by the existence of Nev. Rev. Stat. § 294A.340. By MLW's own description, Nev. Rev. Stat. § 294A.330 is the only statute that applies to the facts of this case.

1    Of course, MLW makes it abundantly clear that it is indignant.  MLW believes it
2    has been the victim of "blatant government censorship of truthful political speech" (ECF
3    No. 1 at 1:21).  MLW describes having received a "Threatening Letter" from the Secretary
4    (ECF No. 1 at ¶¶ 18–21, 23–28, 29–-32, 39, 42, 53, 56, 67, 73, 81, 87, 95, 98, 109, 112, 123,
5    133, 137 and 140).  Signed by Troy Casa, Program Officer III, the letter states that failure
6    to remove "the term 're-elect' from . . . campaign signage . . . will result in a fine being
7    assessed" (ECF No. 1, ex. 2).  The letter does not identify the authority by which such a
8    fine might be assessed, nor do relevant statutes and regulations identify any authority by
9    which such a fine might be assessed.  *See* Nev. Rev. Stat. §§ 294A.380-420; Nev. Admin.
10   Code §§ 294A.010-270.  The only provision of law that hints at a possible fine or penalty is
11   Nev. Rev. Stat. § 294A.410, which generically authorizes enforcement of chapter 294A of
12   the Nevada Revised Statutes through civil court proceedings.  In fact, it is not clear what
13   type of remedy a court could order, or whether there is even a legal mechanism for
14   enforcing Nev. Rev. Stat. §§ 294A.330 and .340.  Compliance is arguably voluntary.  *See*
15   Nev. Rev. Stat. § 294A.290.

16   And while it is unfortunate that MLW felt threatened by Mr. Casa's letter, it is a
17   virtual certainty that MLW will suffer no adverse legal consequences as the result of
18   having encouraged voters to "RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY".  At
19   this early stage of the proceedings, MLW must show that it is likely to suffer irreparable
20   harm if a preliminary injunction does not issue.  *Winter v. Natural Res. Def. Council, Inc.*,
21   555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008).  Aside from present facts and
22   circumstances, MLW cannot make that showing. In other words, outside of the specific
23   facts of this case, there is no reason to believe that Nev. Rev. Stat. §§ 294A.330 and .340
24   pose a threat to anyone, as they appear to set forth aspirational goals for candidates and
25   their advocates.   Assuming that Mr. Casa's letter has possibly cast a cloud over Jill
26   Dickman candidacy for the Nevada Assembly, MLW's as-applied challenge (Count Five)
27   may have some merit.  But it would be premature at this point to issue an injunction
28

against the enforcement of Nev. Rev. Stat. §§ 294A.330 and .340 in all of their potential applications.

## II. STANDARD OF REVIEW

To obtain a preliminary injunction, MLW must demonstrate that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). This traditional test applies absent MLW's ability to demonstrate that the balance of equities tips sharply in its favor. *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066 n.2 (9th Cir. 2014).

MLW cannot meet these burdens because it cannot show that it has suffered a concrete and particularized injury that flows from the existence of Nev. Rev. Stat. §§ 294A.330 and .340—as opposed to the application of Nev. Rev. Stat. § 294A.330 to the specific facts of this case. Nor can it meet its burden to show that the speculative prospect of future enforcement is likely to cause MLW irreparable harm. In the absence of an avowed intention to misrepresent some candidate's elective status in the future, MLW cannot even explain how it might violate Nev. Rev. Stat. §§ 294A.330 and .340 in the future.

In short, MLW's facial challenges to these statutes present an abstract controversy. This issue will be briefed in further detail as this case progresses. In the meantime, this Court should narrowly tailor any preliminary injunction to the specific facts of this case. To enjoin the enforcement of Nev. Rev. Stat. §§ 294A.330 and .340 in all of their potential applications would be an unnecessary intrusion upon the sovereign interests of the state of Nevada. Accordingly, the balance of equities tips in favor of the state of Nevada as to MLW's request for injunctive relief on all counts except Count Five of the Verified Complaint. As to Count Five of the Verified Complaint (ECF No. 1 at ¶¶ 92–105), the Secretary does not oppose the issuance of a preliminary junction that applies narrowly and specifically to the facts of this case. The Secretary does not intend to commence any

kind of enforcement action against MLW pending the final disposition of these proceedings.[1]

### III. ARGUMENT

MLW does not have standing to pursue a facial challenge to Nev. Rev. Stat. §§ 294A.330 and .340. Article III, § 2 of the U.S. Constitution states that the federal courts may only adjudicate "Cases" and "Controversies". *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The case-or-controversy requirement of Article III requires that MLW establish its "standing" as a jurisdictional prerequisite to the prosecution of this lawsuit. *Clapper v. Amnesty International USA*, 586 U.S. 398, 408 (2013).

To demonstrate standing, MLW must articulate enough facts to show that its alleged injury is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Additionally, MLW must show a "causal connection" between the alleged injury and the conduct about which it complains. *Id*. In support of its facial challenges to Nev. Rev. Stat. §§ 294A.330 and .340, MLW alleges a potential future injury (ECF No 1 at ¶ 31). Because the facts of this case are unique, MLW can persuasively argue that Nev. Rev. Stat. § 294A.330 is unconstitutional in its present application to MLW's advocacy for Candidate Jill Dickman. The use of the term "reelect" in reference to the candidacy of Jill Dickman is arguably truthful, such that it should not be prohibited or discouraged by judicial or administrative enforcement action. To the extent that the speech in question is perhaps misleading, it can arguably be remedied by counter speech (ECF No. 1 at ¶¶ 47 and 61). The Secretary does not disagree with these points.

However, MLW fails to explain how it might suffer a future injury via the future enforcement of Nev. Rev. Stat. §§ 294A.330 and .340. MLW's concern about a future injury presupposes that MLW intends to misrepresent a candidate's elective status in a future election by falsely suggesting that the candidate is an incumbent. Yet MLW is apparently unwilling to make that representation in its Verified Complaint. Accordingly,

---

[1] The undersigned counsel has instructed Mr. Casa to stand down.

it fails to articulate a factual basis for its claim that it will suffer a future injury if the enforcement of Nev. Rev. Stat. §§ 294A.330 and .340 is not enjoined in all potential applications.  Without a factual basis to assert a possible future injury, MLW cannot prevail on its facial challenges, nor can it show that it will likely suffer irreparable harm as the result of future enforcement action.  As noted above, it is not clear that there is even a legal mechanism for enforcing Nev. Rev. Stat. §§ 294A.330 and .340.  Insofar as MLW requests an unqualified order halting all current and future enforcement of these statutes, its motion should be denied.

### IV.     CONCLUSION

MLW overreaches with its request for an unqualified preliminary injunction against the enforcement of Nev. Rev. Stat. §§ 294A.330 and .340.  The Secretary does not object to the issuance of a narrowly-tailored preliminary injunction that applies specifically to the facts of this case.  However, the Court should deny MLW's request for all-encompassing injunctive relief because the Court has no jurisdiction to issue such injunctive relief.

DATED this 26th day of October 2020.

AARON D. FORD
Attorney General

By:  *Gregory L. Zunino*
       GREGORY L. ZUNINO
       Deputy Solicitor General
       gzunino@ag.nv.gov

*Attorneys for Barbara Cegavske*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 26th day of October, 2020, I filed and served with this Court's CM/ECF electronic filing system, **NEVADA SECRETARY OF STATE'S PARTIAL OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION,** served listed below:

David O'Mara, Esq.
David@omaralaw.net
*Attorneys for Plaintiffs*

_____
An employee of the Office
of the Attorney General