UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAKE LIBERTY WIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BARBARA K. CEGAVSKE, in her official capacity as Secretary of State of Nevada,<br><br>　　　　Defendant. | Case No. 3:20-cv-00592-RCJ-WGC<br><br>**ORDER** |

Plaintiff is a political action committee, who supports political candidates throughout the country. Plaintiff has chosen to help a former Nevada legislator's campaign to reclaim her seat this upcoming election. In this effort, Plaintiff has utilized the term "re-elect" in its campaign materials. Defendant has demanded that Plaintiff refrain from using that term as violative of Nevada law. Plaintiff has filed this case claiming that the law violates its constitutional free speech rights and moves for a preliminary injunction. For the reasons stated herein, the Court grant this motion in part and denies it in part.

**FACTUAL BACKGROUND**

Plaintiff is "an unauthorized, non-connected political committee registered in the State of Nevada on or around September 1, 2020." (ECF No. 2-1 ¶ 3.) Plaintiff seeks to help the campaign

of Ms. Jill Dickman, who is running for the Nevada State Assembly District 31. (*Id.* ¶ 4.) Ms. Dickman was formerly the state assemblywoman for this district after winning election in 2014 and served from 2015 through 2016. (*Id.* ¶ 5.) She is not currently the assemblywoman for this district and has not been since early 2017. Her past experience as an assemblywoman is part of the basis for why Plaintiff chose to support her campaign. (*Id.* ¶ 8.) Ms. Dickman has not authorized Plaintiff's efforts nor has Plaintiff made any monetary contributions to Ms. Dickman or coordinated its support with her official campaign. (*Id.* ¶ 6.) Plaintiff has purchased 28,000 identical door hangers at a cost of over $3,000 and hired six people to distribute them to homes in the district. (*Id.* ¶¶ 7, 13.) These doorhangers exhort people to "RE-ELECT JILL DICKMAN FOR STATE ASSEMBLY" and prominently note that Ms. Dickman is a "Former Assemblywoman." (*Id.* ¶¶ 9–10; ECF No. 1 Ex. 1.) To date, Plaintiff has distributed approximately 20,000 of the doorhangers. (ECF No. 2-1 ¶ 13.) Plaintiff intends to distribute the remaining doorhangers and order more if necessary as well as to fund a phone bank with seven contractors utilizing a script, which also employs the term "re-elect." (*Id.* ¶¶ 14–15.)

On October 1, 2020, Defendant Barbara Cegavske, the Secretary of State for Nevada, emailed a letter to Plaintiff. (ECF No. 1 Ex. 2.) In this letter, Defendant demanded that "Ms. Jill Dickman et al. must remove the term 're-elect' from all her campaign signage effective immediately." (*Id.*) She further noted that "Failure to correct this issue will result in a fine being assessed." (*Id.*) She quoted Nev. Rev. Stat. § 294A.330 for support of her position. (*Id.*) Nev. Rev. Stat. § 294A.330 states:

> A person shall not use the term "reelect" in any material, statement or publication supporting the election of a candidate unless the candidate:
>
> 1. Was elected to the identical office with the same district number, if any, in the most recent election to fill that office; and
>
> 2. Is serving and has served continuously in that office from the beginning of the term to which the candidate was elected.

Defendant did not quote or cite Nev. Rev. Stat. § 294A.340 in the body of the letter, but she did cite this statute in the subject line of the letter. Nev. Rev. Stat. § 294A.340 states:

> A person shall not use the name of a candidate in a way that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate unless:
>
> 1. The candidate is qualified to use the term "reelect" pursuant to NRS 294A.330; or
>
> 2. The candidate:
>
> (a) Was appointed to the identical office with the same district number, if any, after the most recent election to fill that office; and
>
> (b) Is serving and has served continuously in that office since the date of appointment.

On October 20, 2020, Defendant followed up on the letter with an email, again demanding compliance. (ECF No. 14 Ex. 1.) She stated, "Please provide evidence directly to me that the use of the word 're-elect' has been removed or covered up on all door hangers and literature no later than October 22, 2020." (*Id.*)

Plaintiff filed this case under 42 U.S.C. § 1983. It claims that enforcement of these statutes against it violate its free speech rights, making as-applied and facial challenges to the statutes. Plaintiff also seeks a preliminary injunction to enjoin any fines or other enforcement actions being taken against it or anyone else during the pendency of this case for violating Nev. Rev. Stat. §§ 294A.330 and .340.

The Secretary has filed a response. In it, she admits that prohibiting Plaintiff from using "re-elect" in its materials is unconstitutional as applied to Plaintiff in this case and "does not object to the issuance of a narrowly-tailored preliminary injunction that applies specifically to the facts of this case." She then argues that Plaintiff therefore lacks standing to make facial challenges and to seek a broad injunction from all enforcement of the statutes. She also argues that it did not

actually allege that Plaintiff violated Nev. Rev. Stat. § 294A.340 but only Nev. Rev. Stat. § 294A.330, and as such Plaintiff only has standing to pursue challenges to Nev. Rev. Stat. § 294A.330.

On October 29, 2020, the Court held oral arguments on this motion. (ECF No. 18.) On November 2, 2020, the Court then issued a preliminary injunction, enjoining Defendant from enforcing these laws against Plaintiff supporting "(1) the candidacy of Jill Dickman for the Nevada Assembly and (2) the candidacy of any other person who at any time previously held the elective office for which such person is running or intends to run." (ECF No. 20.) The Court now provides the reasons for granting this injunction and not a broad injunction enjoining all enforcement.

## LEGAL STANDARD

A court should grant a preliminary injunction where the moving party "establish[es] that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008). If the moving party can only establish "serious questions going to the merits," he can still succeed by showing that the remaining three factors weigh towards granting the injunction and the balance of hardships "tips sharply" in that direction. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## ANALYSIS

As Defendant has conceded Plaintiff's as-applied challenge and stipulates to a narrow injunction prohibiting enforcement against Plaintiff, the Court addresses whether it can issue the broad injunction that Plaintiff requests. For this determination, the Court first considers whether it has jurisdiction to issue a broad injunction. The Court then addresses each element in turn for a preliminary injunction.

## I.  *Standing*

Defendant argues that Plaintiff does not have standing to pursue facial challenges to Nev. Rev. Stat. §§ 294A.330 and .340. The Court disagrees and finds that it has jurisdiction to issue the broad injunction that Plaintiff requests.

To determine whether Article III's threshold requirement has been met, a court searches for three factors. The first is whether the plaintiff can "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 99 (1979). This requires the plaintiff to show an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted); *see also Bennett v. Spear*, 520 U.S. 154, 167 (1997) (holding that the injury must be an "invasion of a judicially cognizable interest"—that is, an interest which is legally shielded). The second is whether there is a "causal connection between the injury and the conduct complained of,"—that is, whether the plaintiff's injuries are caused by the defendant's actions in a way that the court recognizes and is not caused by some independent third party. *Lujan*, 504 U.S. at 560–61 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976)). The third is whether the plaintiff's injury is one of "actual injury redressable by the court." *Simon*, 426 U.S. at 39. In other words, it must be likely that a favorable decision by the court will cure the harm suffered by the plaintiff. *Lujan*, 504 U.S. at 561 (citing *Simon*, 426 U.S. at 43).

Defendant argues that Plaintiff does not have an actual or threatened injury sufficient to assert facial challenges to the statutes. For this claim, Defendant argues that Plaintiff must also show that it is likely to suffer future injury via future enforcement of Nev. Rev. Stat. §§ 294A.330 and .340. This is error. In this case, Plaintiff is arguing that these statutes "could never be applied in a valid manner because it is unconstitutionally vague or it impermissibly restricts a protected

activity." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998), as amended on denial of reh'g (July 29, 1998). To have standing to make such a challenge, a plaintiff must merely have "standing to vindicate his own constitutional rights." *Id.*

Here, Defendant admits that Plaintiff has standing to make an as-applied challenge as to Nev. Rev. Stat. § 294A.330, so Plaintiff has standing to argue that the statute is facially unconstitutional. Defendant falsely claims that Plaintiff only makes facial and no as-applied challenge to Nev. Rev. Stat. § 294A.340. (ECF No. 11 at 2 ("MLW pursues various facial and as-applied challenges to Nev. Rev. Stat. § 294A.330 . . . . MLW also pursues various facial challenges to Nev. Rev. Stat. § 294A.340 . . . ."). Plaintiff does however raise an as-applied challenge to Nev. Rev. Stat. § 294A.340. (ECF No. 1 at 17–19.)

Plaintiff certainly violated one of the statutes and arguably the other. Plaintiff employed the term "re-elect" in its support of Ms. Dickman's campaign to reclaim her seat on the Nevada Assembly. Nev. Rev. Stat. § 294A.330 prohibits the use of "re-elect" in support of a candidate unless that candidate was the previously elected incumbent, which Ms. Dickman is not. Likewise, Nev. Rev. Stat. § 294A.340 prohibits a person from using language that indicates that a candidate is the incumbent when the candidate is not. This could potentially include the use of the term "re-elect." This was the interpretation of Defendant as her demand letter threatened fines citing both Nev. Rev. Stat. § 294A.330 and Nev. Rev. Stat. § 294A.340.

Defendant next claims that "[c]ompliance is arguably voluntary." (ECF No. 11 at 3.) If compliance was truly voluntary, then there would likely not be a sufficient injury in this case in its entirety. For this argument, Defendant claims,

> The letter does not identify the authority by which such a fine might be assessed, nor do relevant statutes and regulations identify any authority by which such a fine might be assessed. *See* Nev. Rev. Stat. §§ 294A.380-420; Nev. Admin. Code §§ 294A.010-270. The only provision of law that hints at a possible fine or penalty is Nev. Rev. Stat. § 294A.410, which generically authorizes enforcement of chapter

> 294A of the Nevada Revised Statutes through civil court proceedings. In fact, it is not clear what type of remedy a court could order, or whether there is even a legal mechanism for enforcing Nev. Rev. Stat. §§ 294A.330 and .340.

This claim overlooks Nev. Rev. Stat. § 294A.420(2) which states, "a candidate, person, organization, committee, political party[,] or nonprofit corporation that violates an applicable provision of this chapter is subject to a civil penalty of not more than $10,000 for each violation and payment of court costs and attorney's fees." As such, Defendant does have the authority to impose fines for violating Nev. Rev. Stat. § 294A.33 and Nev. Rev. Stat. § 294A.340.

Lastly, the Court notes that Plaintiff's claims do not become moot because of Defendant's voluntary cessation nor because election day has passed. First, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Second, this case is capable of repetition, yet evading review. "The inherently brief duration of an election is almost invariably too short to enable full litigation on the merits." *Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003).

For all of these reasons, the Court finds that Plaintiff has standing to pursue its constitutional challenges, facial and as-applied, against enforcement of Nev. Rev. Stat. § 294A.330 and Nev. Rev. Stat. § 294A.340. The Court therefore turns to the merits of Plaintiff's request for a broad injunction enjoining all enforcement of these statutes.

## II.   *Success on the Merits*

Plaintiff makes three arguments that Defendant cannot constitutionally enforce the statutes against it: First, the statute is facially unconstitutional as a content-based restriction. Second, the statute is facially unconstitutional as a viewpoint-based restriction. Third, enforcement of the statute against Plaintiff in this case is unconstitutional as-applied because Plaintiff is correctly using the term "re-elect." Defendant concedes the third, so the Court turns to the facial challenges.

### A.     Facial Challenge as Content-Based Restrictions

Plaintiff first argues that both statutes are facially unconstitutional as content-based restrictions on speech. Facial challenges are the "most difficult challenge[s] to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). A law is facially invalid where, "any enforcement of the [law] creates an unacceptable risk of the suppression of ideas." *Foti*, 146 F.3d at 635.

Plaintiff first argues that this law is unconstitutionally overbroad because even if a candidate were falsely claiming to be the incumbent using the term "re-elect," Defendant could not outlaw this conduct. This is error. Plaintiff relies on *United States v. Alvarez*¸ where a plurality of the Court held that the law prohibiting false claims of receiving military decorations is facially unconstitutional. 567 U.S. 709, 715 (2012). The law stated, "Whoever falsely represents himself or herself, verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States . . . shall be fined under this title, imprisoned not more than six months, or both." *Id.* at 715 (quoting 18 U.S.C. § 704(b)). The Supreme Court held that false speech is generally protected speech. *Id.* at 727. Nonetheless, "false speech may be criminalized if made 'for the purpose of material gain' or 'material advantage,' or if such speech inflicts a 'legally cognizable harm.'" *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1194 (9th Cir. 2018) (quoting *Alvarez*, at 719, 723). Falsely claiming to be the incumbent for a chance to improve odds of election would be for a material gain. Therefore, a state could rightfully outlaw a candidate from falsely claiming to be the incumbent or using "reelect" when he has never held the position because the speech is not protected.

The statute applies to more situations than false claims of incumbency, including people as here who are truthfully seeking reelection in the sense that they are campaigning to reclaim a seat.

As the Supreme Court has repeatedly ruled and affirmed recently, "[c]ontent-based laws" that restrain protected speech "are subject to strict scrutiny." *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2346 (2020). Speech restrictions are content-based "if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). In deciding whether a restriction is content based, a court must "consider whether a regulation of speech 'on its face' draws distinctions based on the message a speaker conveys." *Id.*

Utilizing strict scrutiny, the restriction is "presumptively unconstitutional and may be justified only if the government proves that [it is] narrowly tailored to serve compelling state interests." *Reed*, 576 U.S. at 163. The Supreme Court has held that "a State has a compelling interest in protecting voters from confusion." *Burson v. Freeman*, 504 U.S. 191, 199 (1992). To be narrowly tailored, the law must be "the least restrictive means to further the articulated interest," *Foti*, 146 F.3d at 636, and must be actually necessary to achieve the interest, *Alvarez*, 567 U.S. 709, 725.

Here, Nev. Rev. Stat. § 294A.330 is a content-based restriction on its face. The statute prohibits anyone from using the term "re-elect" in "any material, statement or publication" supporting a candidate's election absent satisfaction of certain statutory requirements. Likewise, Nev. Rev. Stat. § 294A.340 similarly prohibits "us[ing] the name of a candidate in a way that implies that the candidate is the incumbent in office." As such, the restrictions "draw[] distinctions based on the message a speaker conveys." *Reed*, 576 U.S. at 163. Strict scrutiny accordingly applies.

Plaintiff relies on *Susan B. Anthony List v. Driehaus*, 814 F.3d 466 (6th Cir. 2016). In it, the Sixth Circuit examined an Ohio law that prohibited the dissemination of false information regarding a political candidate "knowing the same to be false or with reckless disregard of whether

it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." Ohio Rev. Code § 3517.21(B)(10). The circuit found that this law was facially unconstitutional as it prohibited statements that were not material and applied to publishers of false information in addition to speakers. *Susan B. Anthony List*, 814 F.3d at 475.

Nev. Rev. Stat. § 294A.330 and § 294A.340 are different than Ohio Rev. Code § 3517.21(B)(10). The Nevada statutes do not apply to statements that are not material but only statements that might falsely indicate that the candidate is the incumbent. Furthermore, the law does not apply to publishers of the law but the actual speakers. While it may be unconstitutional to enforce these statutes in Plaintiff's unique circumstances as Defendant admits,[1] the Court does not find that Plaintiff has proven at this early juncture that it would be unconstitutional in every situation. *Salerno*, 481 U.S. at 745. The Court therefore does not find that the statute is unconstitutional on based on this argument.

### B.   *Facial Challenge as a Viewpoint-Based Restrictions*

Plaintiff also argues that the statutes are facially unconstitutional as viewpoint-based restrictions. A viewpoint-based restriction is one that "targets . . . particular views taken by speakers on a subject." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995). For this argument, Plaintiff points to the clause of the statute that limits the statute's application to only statements "supporting the election of a candidate unless the candidate [is the incumbent]." Nev. Rev. Stat. § 294A.330. As such, the statute proscribes Plaintiff's statement, "Re-elect Dickman," but would not penalize Ms. Dickman's opponent from stating, "Do not re-

---

[1] This admission is correct. While Defendant will have a compelling interest in preventing voter confusion, *see Burson v. Freeman*, 504 U.S. 191, 199 (1992), the statute will not be narrowly tailored to preventing this interest as Plaintiff is correctly using the term "re-elect" and prominently notes that Ms. Dickman is the former assembly woman. As such, Plaintiff has a meritorious as-applied challenge. *See Winter v. Wolnitzek*, 834 F.3d 681, 693 (6th Cir. 2016) ("Applied to a statement such as 're-elect,' readily capable of a true interpretation here, the ban outstrips the Commonwealth's interest . . . .").

elect Dickman." As with other content-based restrictions, strict scrutiny applies. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 897 (9th Cir. 2018).

Defendant has a compelling government interest that satisfies this viewpoint-based distinction. This distinction limits the statements to ones that would seek a material gain. Only people attempting to support a candidate's campaign would have a motive to falsely claim incumbency. Ms. Dickman's opponent would not seek to cast her in the light of being an incumbent. Accordingly, the Court does not find at this stage of the litigation that Plaintiff has shown the statutes to be facially unconstitutional.

In sum, the Court is unpersuaded by both of Plaintiff's arguments that the statutes are facially unconstitutional. The failure to show a likelihood of success on the merits is fatal to a preliminary injunction. *Trump v. Hawaii*, 138 S. Ct. 2392, 2423 (2018). The Court therefore does not address the remaining elements for a preliminary injunction and declines to impose an injunction that prohibits the enforcement of the statute in all circumstances. Instead, the Court imposes a narrower injunction that the enforcement of the statutes as-applied to Plaintiff as detailed in ECF No. 20.

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Preliminary Injunction by Plaintiff (ECF No. 2) is GRANTED IN PART AND DENIED IN PART as detailed in the Order Granting Plaintiff's Motion for Preliminary Injunction  (ECF No. 20).

IT IS SO ORDERED.

Dated November 6, 2020.

_____
ROBERT C. JONES
United States District Judge