UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAKE LIBERTY WIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 3:20-cv-00592-RCJ-WGC |
| BARBARA K. CEGAVSKE, in her official capacity as SECRETARY OF STATE OF NEVADA, | ) ) ) ) ) | ORDER |
| Defendant. | ) ) ) | |

Plaintiff is a political action committee that supports political candidates throughout the country. In 2020, Plaintiff supported Ms. Jill Dickman in her campaign to reclaim her seat on Nevada's legislature. In this effort, Plaintiff utilized the term "reelect" in its campaign materials. Defendant demanded that Plaintiff refrain from using that term as violative of Nev. Rev. Stat. §§ 294A.330 and 340. Plaintiff has filed this case claiming that the statutes are unconstitutional as-applied to its use of the term "reelect" in support of a now-elected candidate and facially. The Court granted a preliminary injunction enjoining Defendant from enforcing the statutes against Plaintiff but found that Plaintiff has failed to show the statutes are facially unconstitutional. Now, the parties have filed competing motions for summary judgment to finally resolve these issues.

## FACTUAL BACKGROUND

Plaintiff is "an unauthorized, non-connected political committee registered in the State of Nevada on or around September 1, 2020." (ECF No. 2-1 ¶ 3.) Plaintiff sought to help the campaign of Ms. Jill Dickman, who ran for the Nevada State Assembly District 31. (*Id.* ¶ 4.) Ms. Dickman was formerly the state assemblywoman for this district after winning the election in 2014 and served from 2015 through 2016. (*Id.* ¶ 5.) From 2017 to 2020, she was not the assemblywoman for this district. Her past experience as an assemblywoman is part of the basis for why Plaintiff chose to support her campaign. (*Id.* ¶ 8.) Ms. Dickman has not authorized Plaintiff's efforts nor has Plaintiff made any monetary contributions to Ms. Dickman or coordinated its support with her official campaign. (*Id.* ¶ 6.) Plaintiff purchased 28,000 identical door hangers at a cost of over $3,000 and hired six people to distribute them to homes in the district. (*Id.* ¶¶ 7, 13.) These doorhangers exhort people to "REELECT JILL DICKMAN FOR STATE ASSEMBLY" and prominently note that she is a "Former Assemblywoman." (*Id.* ¶¶ 9–10; ECF No. 1 Ex. 1.)

On October 1, 2020, Defendant Barbara Cegavske, the Secretary of State for Nevada, emailed a letter to Plaintiff. (ECF No. 1 Ex. 2.) In this letter, Defendant demanded that "Ms. Jill Dickman *et al.* must remove the term 'reelect' from all her campaign signage effective immediately." (*Id.*) She further noted that the "[f]ailure to correct this issue will result in a fine being assessed." (*Id.*) She quoted Nev. Rev. Stat. § 294A.330 (hereinafter "Section 330") for support of her position. (*Id.*) It states:

> A person shall not use the term "reelect" in any material, statement or publication supporting the election of a candidate unless the candidate:
>
> 1. Was elected to the identical office with the same district number, if any, in the most recent election to fill that office; and
>
> 2. Is serving and has served continuously in that office from the beginning of the term to which the candidate was elected.

Defendant did not quote or cite Nev. Rev. Stat. § 294A.340 (hereinafter "Section 340") in the body of the letter, but she did cite this statute in the subject line of the letter. It states:

> A person shall not use the name of a candidate in a way that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate unless:
>
> 1. The candidate is qualified to use the term "reelect" pursuant to [Section 330]; or
>
> 2. The candidate:
>
> (a) Was appointed to the identical office with the same district number, if any, after the most recent election to fill that office; and
>
> (b) Is serving and has served continuously in that office since the date of appointment.

On October 20, 2020, Defendant followed up on the letter with an email, again demanding compliance. (ECF No. 14 Ex. 1.) She stated, "Please provide evidence directly to me that the use of the word 'reelect' has been removed or covered up on all door hangers and literature no later than October 22, 2020." (*Id.*)

On November 2, 2020, the Court issued a preliminary injunction enjoining Defendant from enforcing these laws against Plaintiff supporting "(1) the candidacy of Jill Dickman for the Nevada Assembly and (2) the candidacy of any other person who at any time previously held the elective office for which such person is running or intends to run." (ECF No. 20.) Later that month, Ms. Dickman won the election and is now the current officeholder. Current Assembly Legislators, https://www.leg.state.nv.us/App/Legislator/A/Assembly/Current (last visited Sept. 8, 2021).

## LEGAL STANDARD

A court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). Only facts that affect the outcome are material. *Id.*

To determine when summary judgment is appropriate, courts use a burden-shifting analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof at trial, then he can only satisfy his burden by presenting evidence that proves every element of his claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. On the other hand, when the party seeking summary judgment would not bear the burden of proof at trial, he satisfies his burden by demonstrating that the other party failed to establish an essential element of the claim or by presenting evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgement if either the moving party fails to meet his initial burden or, if after he meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## ANALYSIS

The parties have filed competing motions for summary judgment each disagreeing with the Court's prior order granting the preliminary injunction in some regard. After considering each party's arguments, the Court is persuaded the original order was correct. Plaintiff has a successful as-applied challenge to the statutes under its particular circumstances because its use of the term "reelect" was truthful. But the Court still finds that the statutes are facially constitutional.

### I.   Standing

Initially, Defendant argues Plaintiff does not have standing to challenge the statutes. This is in spite of this Court's prior holding to the contrary in its order granting the preliminary injunction. Defendant errs.

For this argument, Defendant contends Plaintiff's as-applied challenges to Defendant's threatened enforcement of the statutes against Plaintiff for the 2020 campaign of Ms. Dickman are

moot. The campaign is over, the election has been held, and Ms. Dickman won. Defendant has conceded that it will not and cannot enforce the statutes against Plaintiff for its conduct in the 2020 election. Nonetheless, the Court agrees with Plaintiff that this case qualifies for the "capable of repetition, yet evading review" exception to mootness. *Roe v. Wade*, 410 U.S. 113, 125 (1973). As the Court previously noted, "The inherently brief duration of an election is almost invariably too short to enable full litigation on its merits." (ECF No. 21 at 7 (quoting *Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003)).)

Standing is determined when the case is filed. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, (2008). Plaintiff had standing to challenge the statutes as applied to it because it began distributing campaign materials for Ms. Dickman containing the word "reelect," Defendant twice threatened to impose fines against Plaintiff for its use of "reelect" citing both statutes, and Plaintiff had a plan to continue distributing these campaign materials. Standing to bring as-applied challenges constitutes sufficient standing to levy facial challenges of the statutes. *See, e.g.*, *Real v. City of Long Beach*, 852 F.3d 929, 933 (9th Cir. 2017) (allowing a plaintiff to bring as-applied and facial challenges). As such, Plaintiff has standing to proceed on all claims.

## II.     Constitutionality of the Statutes

### A.     Protectability of the Restricted Speech

As the Court is satisfied on the issue of justiciability, the first question on the merits is whether Sections 330 and 340 restrict protected speech. The aim of the statutes is to restrict political candidates and their supporters from falsely implying the candidates are the current incumbents for the elected positions in their campaign materials. According to *United States v. Alvarez* and its progeny, false speech is not protected when made "for the purpose of material gain" or "material advantage," or if such speech inflicts a "legally cognizable harm." 567 U.S. 709 at 719, 722; *accord Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1194 (9th Cir. 2018).

As this Court previously held, falsely claiming a political candidate is an incumbent in support of his campaign could be a false statement for the purpose of a material gain or material advantage. Plaintiff challenges this conclusion analogizing to *Alvarez*, where the Supreme Court invalided the federal statutes prohibiting people from falsely claiming to have military decorations. This analogy is unpersuasive. The statute at issue in *Alvarez* was held to be unconstitutional because it provided no limit to the type of situation to which it applied—rather:

> The Act by its plain terms applies to a false statement made at any time, in any place, to any person. It can be assumed that it would not apply to, say, a theatrical performance. . . . Still, the sweeping, quite unprecedented reach of the statute puts it in conflict with the First Amendment. Here the lie was made in a public meeting, but the statute would apply with equal force to personal, whispered conversations within a home. The statute seeks to control and suppress all false statements on this one subject in almost limitless times and settings.

*Alvarez*, 567 U.S. at 722–23. That is not the case here. By their texts, Sections 330 and 340 both limit themselves only to any "material, statement or publication supporting the election of a candidate."

Section 340, by its text, only restricts making statements supporting the election of a political candidate that falsely imply he is the incumbent. As such, Section 340 only applies to false material claims and therefore does not restrict protected speech. As the Court finds that Section 340 does not restrict protected speech, it is facially constitutional.[1]

Section 330 on the other hand does impermissibly restrict some protected speech. This section prohibits making statements supporting the election of a political candidate using the term "reelect" if he is not the incumbent and was elected to the office. As this Court previously noted, people like Ms. Dickman could truthfully use the term for previously being elected to the office,

---

[1] It is not clear that Defendant intended to prosecute Plaintiff for alleged violations of Section 340. As noted above, Defendant merely had a cite to the statute in the heading of its first letter to Plaintiff. The parties do not dispute this issue here, so the Court will assume that Defendant did. But the Court notes that it does not appear that Plaintiff violated the statute as Plaintiff truthfully used the term "reelect" in the campaign material supporting Ms. Dickman.

even if they are not the current incumbent. Defendant claims that "reelect" merely "connotes that the candidate for an office *currently* holds that office." (ECF No. 31 at 5.) But she provides no evidence for this contention. Dictionaries do not make such a limit. For example, *Oxford English Dictionary* (3d ed. 2009), defines "reelect" as "[t]o elect (a person) for a second or subsequent time, esp. to the same office." As the statute, by its text, restricts people who previously were elected to the office but no longer hold that office from using the term "reelect" in their campaign materials, the statute does restrict protected speech as such an assertion would be truthful.

Plaintiff contends that the government should not be the arbiter of truth for speech, especially when it comes to pure political speech. It is true, under the Constitution, that the government does not "have carte blanche to regulate the dissemination of false statements during political campaigns." *281 Care Comm. v. Arneson*, 766 F.3d 774, 787 (8th Cir. 2014). However, Sections 330 and 340 do not attempt to give Nevada carte blanche authority to nitpick political candidates on debatable issues—it measuredly restricts candidates and their supporters from falsely claiming that they are incumbents when they are not. For this reason, the Court is not persuaded by this argument.

B.    *Appropriate Level of Scrutiny*

Defendant now makes two arguments that strict scrutiny does not apply in this case. Both are unpersuasive. First, Defendant claims that Sections 330 and 340 are disclosure requirements subject only to intermediate scrutiny. A law qualifies as a mere disclosure requirement only when it necessitates a person to reveal information they otherwise might not. *See, e.g.*, *Chula Vista Citizens for Jobs & Fair Comp. v. Norris*, 782 F.3d 520, 536 (9th Cir. 2015) (en banc). Neither of these provisions mandates disclosure of anything—rather, they restrict what a candidate may say. As such, these are restrictions on political speech subject to strict scrutiny. *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 507 (D.C. Cir. 2016) (holding that a law

regulating what may be said as opposed to obligating certain speech is not a disclosure and subject to strict scrutiny); *see Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 366 (2010) ("[D]isclosure requirements . . . 'do not prevent anyone from speaking.'" (quoting *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 201 (2003))).

Second, Defendant contends this Court should engage in *ad hoc* balancing under the *Anderson-Burdick* standard. *Burdick v. Takushi*, 504 U.S. 428 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 788–89 (1983). This standard does not apply here. It only applies to a "voting regulation." *Burdick*, 504 U.S. at 433–34; *accord Anderson*, 460 U.S. at 788–89 ("[The test] governs the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects—at least to some degree—the individual's right to vote and his right to associate with others for political ends."). When the challenged laws, however, do "not control the mechanics of the electoral process" itself, the *Anderson-Burdick* standard does not apply. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 345 (1995).

The Court is therefore not convinced by Defendant's arguments. As this Court previously ruled, strict scrutiny applies here as the laws restrict what a candidate may say.. *See Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020).

C.   *Application of Strict Scrutiny*

Applying strict scrutiny to Sections 330 and 340, the Court finds Defendant fails to provide a compelling government interest in preventing people from truthfully using the term "reelect" when they were previously elected to the office even if they are not the current incumbent. In addition to attempting to redefine "reelect" as the Court rejected above, Defendant claims that this is a minimal burden because people in Ms. Dickman's position could have used another term such as "return" instead of "reelect." This argument is without merit. Even though there may be other words that convey the message that a candidate was previously elected to the office, restrictions

on word choice are still restrictions on speech. *Cohen v. California*, 403 U.S. 15, 25–26 (1971). Therefore, it would be unconstitutional to enforce these statutes against a political candidate who was previously elected to the office but is not the current incumbent.

Success in an as-applied challenge, however, is a far cry from succeeding on a facial challenge. Facial challenges are the "most difficult challenge[s] to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). A law is facially invalid where, "any enforcement of the [law] creates an unacceptable risk of the suppression of ideas." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

As discussed above, much of this law restricts speech that does not have protection under the First Amendment, specifically invaliding false statements made for material gain or advantage in an election. For this reason, violations of Sections 330 and 340 could rightfully be prosecuted against an individual who is running for a political office that he has never held and uses the term "reelect" in his campaign materials.

### III. Overbreadth and Vagueness

Lastly, Plaintiff makes vagueness and overbreadth challenges to the statutes. As to overbreadth, the Court declines to reach the merits of whether these statutes should be declared facially unconstitutional on the grounds of overbreadth. This doctrine should only be confronted when there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984). As such, the Supreme Court recommends proceeding to an overbreadth issue only if an as-applied challenge does not succeed. *Bd. of Trustees of State Univ. of New York v. Fox*, 492 U.S. 469, 484–85 (1989).

For vagueness, Defendant moves for summary judgment on this claim, and Plaintiff did not contest this claim in its response. In the Complaint, Plaintiff pointed to the portion of Section 340 that reads "use the name of a candidate" in any way "that implies that the candidate is the incumbent in office in any material, statement or publication supporting the election of a candidate." It claimed this portion has a chilling effect as a person of ordinary intelligence is unable to determine whether a political communication "implies that the candidate is the incumbent." The Court disagrees. "A statute is impermissibly vague if it 'fails to provide a reasonable opportunity to know what conduct is prohibited[] or is so indefinite as to allow arbitrary and discriminatory enforcement.'" *Arce v. Douglas*, 793 F.3d 968, 988 (9th Cir. 2015) (quoting *United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009)). A person of ordinary intelligence would be able to understand when he is falsely claiming a political candidate is an incumbent when he is not. This law is not impermissibly vague.

To sum up, the Court largely grants summary judgment in favor of Defendants. It finds that the facial challenges are wanting as the statute can properly be enforced against a candidate falsely claiming to be an incumbent. Also, the Court declines to reach the overbreadth claim and determines that Section 340 is not vague. Nonetheless, the Court finds that Plaintiff successfully has an as-applied challenge to the enforcement of Section 330 against it and grants summary judgment on this issue in Plaintiff's favor.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 29) is GRANTED IN PART AND DENIED IN PART.

///

IT IS FURTHER ORDERED that Defendant's threatened enforcements of Nev. Rev. Stat. §§ 294A.330 and 340 against Plaintiff for its use of the term "reelect" in support of the political campaign in support of Ms. Jill Dickman is unconstitutional as-applied to Plaintiff.

IT IS FURTHER ORDERED that the remainder of the claims are dismissed.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

Dated November 8, 2021.

_____
ROBERT C. JONES
United States District Judge